UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GERRY SEXTON, <br> Plaintiff | CIVIL ACTION NO. 1:19-CV-00937 |
| VERSUS | JUDGE DRELL |
| BROOKSHIRE GROCERY CO., *et al.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### SUA SPONTE JURISDICTIONAL REVIEW BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendants Travelers Indemnity Co. of Connecticut and Brookshire Grocery Co. (Doc. 1). Defendants premise federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See *id.* at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). Further, "when jurisdiction depends on citizenship, citizenship must

be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the single State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014); Guerrero v. State Farm Mut. Auto. Ins. Co., 181 F.3d 97, *2 (1999). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenships of all its members. See Harvey, 542 F.3d at 1079-80.

Defendants allege that Plaintiff Gerry Sexton is a citizen of Louisiana.

Defendants further allege that Travelers Indemnity Company of Connecticut is "a foreign insurer" authorized to do and doing business in Louisiana. Defendants did not allege the nature of Travelers's business entity or its citizenship.

Defendants allege Brookshire Grocery Co. is Texas corporation with its principal place of business in Texas.

Defendants allege M-MC Produce, L.L.C. is "a foreign limited liability company not authorized to do business in Louisiana with its principal place of business in the State of Texas." Since M-MC Produce is a limited liability company, to establish its citizenship, Defendants must allege the name and citizenship of each of its members.

Diversity of citizenship at the time of removal is not clear from the pleadings. Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order upon all Defendants IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **21 days** from service of this Order, Defendants Travelers Indemnity Company of Connecticut and Brookshire Grocery Co. shall file: (1) a Jurisdictional Memorandum stating whether Travelers Indemnity Company of Connecticut is incorporated; (2) if incorporated, the state where Travelers Indemnity Company of Connecticut is incorporated and has its principal place of business; (3) the nature of the legal entity for Travelers Indemnity Company of Connecticut if it is not incorporated; (4) if not incorporated, the identities of every partner or member of Travelers Indemnity Company of Connecticut and the states of which they are citizens; (5) the identities of every member of M-MC Produce, L.L.C. and the states of which they are citizens; and (6) a motion for leave to amend the jurisdictional allegations of the Notice of Removal to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiff will be allowed **7 days** from receipt of Defendants' jurisdictional memorandum to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  24th  day of July, 2019.

                                                                     *(signature)*
                                                                     Joseph H.L. Perez-Montes
                                                                     United States Magistrate Judge